The opinion of the Court was delivered by

Mr. Justice Jplmson.

*114 The general position, that an action of trespass vi et armis, will lie for injuries committed with force, is not controverted by the grounds of this motion; nor was it insisted on in the argument. There can be no doubt that it would have lain in the present case; it therefore only remains to be enquired whether the .proposition that an action on the case would also lie, can be supported on principle, or authority. There may be cases in which the line of separation between these two remedies is so finely drawn as. to require the nicest inspection to trace it; but in most cases, the distinction is so marked as to admit of little doubt in its application. So far back as the case of Scott, vs. Shephard, 3 Wilson, 411, the distinction appears to have been well understood to depend on the fact, whether the injury Complained of, was die immediate consequence of the act, or whether it was remote or consequential; if the former, then trespass vi et armis, was the proper remedy; if the latter,case; and C. J. Dc-Grey, in delivering his opinion in that case, illustrating this distinction, remarks that trespass lies against any person from, whom an injury is received by force. So that the question is whether the injury was received or resulted directly from the force of another, and this distinction is kept up and recognized in all the subsequent cases; Day vs. Edwards, 5 Durnford & East, 649,“ Ogle vs. Barnes, 3, Durnford & East, 190 In Day vs. Edwards, the case of throwing a log into the highway, is put; by way distinguishing between the presence or absence -of force. If I am hurt by the act of throwing, this constitutes forcé and the injury is immediate; but if it lies there and 1'stumble over it, there is an absence of force, and the injury is consequential. The injury of which the plaintiff in this case complains, is that the defendant beat his slave; there was then-the immediate application of force, and the injury proceeded immediately. from the defendant, and according to the rule laid down, the remedy was trespass vi et armis. An argument in support of the motion has been drawn from a supposed analogy in the relation of master and servant in England, where the* remedy for an injury done through the person of the servant is case, and that-of master and. slave in this country; but it will not hold good. In England the master lias no immediate and direct interest in the person of the 'servant, and consequently *115 •■«¡an only be mediately or consequentially affected, by an'injury done to him; but in this country, the master’s property in the slave, is as absolute as in any other article' of property, Force committed on a slave, is, therefore an immediate injury to the master. The case of White vs. Chambers, 2 Bay, 70, I observe, was a special action on the case; but there the great contest was, whether any action would lie for such an injury;" and the question, whether that was the proper remedy was not decided, nor did the court throw out any intimation of an opinion upon the point. It is sometimes difficult, if not impossible, to discover clearly the philosophy or the necessity of the rules by which the different remedies are made to apply to the various wrongs which one man may inflict on another, but the propriety of preserving them, when they are distinctly marked, will be universally admitted. ■ They partake not of form only; for, as re- ' marked by Mr. I. Grose, in the case of Savignac vs. Roome, Gth Durnford & East, 130, in reference to these two actions, “they differ substantially, in the pleading, the evidence, the judgment and some of the consequences which follow therefrom,” and indeed the difference in the amount necessary to carry costs, would of itself be a sufficient reason for présemng the distinction.
Roomer, for motion,
cofltX~.
The motion is dismissed.
Nott, Colcock, Gantt, Richardson. Huger, Justice, concurred.